UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
 :
DANIEL KANE, JR., et al., :
 :
                    Plaintiffs, :
 : 17-CV-9487 (VSB)
      - against - :
 : **ORDER**
 :
NATIONAL FARM WHOLESALE FRUIT :
& VEGETABLE CORP., :
 :
                    Defendant. :
 :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/12/2019__

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Daniel Krane, Jr., Charles Machadio, Roger Marino, Myra Gordon, Andrew Roy, and Vincent Pacifico, as Trustees of the United Teamster Fund and as Trustees of the United Teamster Pension Fund "A" (collectively, "Plaintiffs"), commenced this action on December 4, 2017 seeking: (1) injunctive and other equitable relief pursuant to the Employee Retirement Income Securities Act of 1974 ("ERISA") directing Defendant National Farm Wholesale Fruit & Vegetable Corp. ("National Farm") to allow Plaintiffs' auditors to conduct an audit of National Farm's books and records; and (2) recovery of unpaid partial withdrawal liability assessed pursuant to the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, et seq. (Doc. 1.) Before me is Plaintiffs' motion seeking confirmation of the June 21, 2018 decision of Arbitrator Judith La Manna granting Plaintiffs' motion to dismiss the arbitration (the "Award"), and seeking restoration of this action to my active docket. (Doc. 17.) Because Defendant has not objected to the motion, and because I find that the Award was not procured through fraud or dishonesty or any other improper means, Plaintiffs' motion is granted.

1

## I. Factual and Procedural Background

On December 4, 2017, Plaintiffs commenced this action by filing a complaint. (*See* Doc. 1; *see also* Braverman Aff. ¶ 3.)[1] On January 26, 2018, National Farm filed its answer in which it asserted as an affirmative defense that it had filed a demand for arbitration with the American Arbitration Association ("AAA") and, as such, this dispute should be heard by the AAA. (*See* Doc. 10; *see also* Braverman Aff. ¶ 4.) The parties agreed that the issue of arbitrability should be heard by an arbitrator. (Braverman Aff. ¶ 6.) On April 20, 2018, the parties participated in an initial conference call with Arbitrator La Manna during which Plaintiffs informed the arbitrator that they intended to file a motion to dismiss the arbitration based on National Farm's purported failure to timely initiate arbitration. (*Id.* ¶ 7.) On April 20, 2018, the parties also attended an initial conference before me and made a joint application to stay this action pending the decision from Arbitrator La Manna on Plaintiffs' motion to dismiss the arbitration, (*id.* ¶ 8), which I granted, (Doc. 15).

On May 11, 2018, Plaintiffs submitted a Memorandum of Law in Support of their motion to dismiss the arbitration to Arbitrator La Manna, (Braverman Aff. ¶ 10), on June 1 National Farm submitted its memorandum of law in opposition, (*id.* ¶ 11), and on June 15 Plaintiffs submitted their reply, (*id.* ¶ 12).

On June 21, 2018, Arbitrator La Manna issued a decision granting Plaintiffs' motion to dismiss the arbitration on the grounds that National Farm had failed to timely initiate arbitration pursuant to ERISA and that the matter was not properly in arbitration. (*Id.* ¶ 13; *see also id.* Ex. A.)

On June 25, 2018, the parties submitted a joint letter informing me of Arbitrator La

---

[1] "Braverman Aff." refers to the Affirmation of Marc D. Braverman, Esq. in Support of Plaintiffs' Motion to Confirm Arbitration Award. (Doc. 18.)

Manna's decision dismissing the arbitration. (Doc. 16.) On July 19, 2018, Plaintiffs filed their motion to confirm the Award, along with a memorandum of law and affirmation in support. (Docs. 17–19.) On August 2, 2018, the parties submitted a joint stipulation extending the time for Defendant to respond to the motion, (Doc. 20), which I so ordered, (Doc. 21). However, Defendant did not file an opposition to the motion nor has Defendant taken any other action since that date.

## II. Analysis

The Court of Appeals for the Second Circuit has instructed that unopposed actions to confirm or vacate an arbitration award should be treated as unopposed motions for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006); *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, 16-cv-6004-GHW, 2016 WL 7335672 at *3 (S.D.N.Y. Dec. 16, 2016); *GE Transportation (Shenyang) Co. v. A-Power Energy Generation Sys., Ltd.*, 15 Civ. 6194 (PAE), 2016 WL 3525358 at *4 (S.D.N.Y. June 22, 2016); *Trs. for The Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, 15-CV-3967 (RA), 2016 WL 1064625 at *3 (S.D.N.Y. Mar. 15, 2016). Accordingly, the issue to be resolved here is whether, based on the uncontested submissions before me, there is a genuine issue of material fact. In doing so, I must view the facts "in the light most favorable" to National Farm, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks omitted), and "resolve all ambiguities and draw all permissible factual inferences in favor of" National Farm, *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks omitted).

"A court's review of an arbitration award is 'severely limited' so as not to frustrate the goals of arbitration—namely to settle disputes efficiently and avoid long and expensive litigation." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation,*

*Pension & Welfare Funds v. LLF Constr. Servs., Inc*., No. CV 14-0878(ADS)(SIL), 2014 WL 7739326 at *4 (E.D.N.Y. Dec. 18, 2014), *report and recommendation adopted*, 2015 WL 428085 (E.D.N.Y. Jan. 30, 2015). The Federal Arbitration Act ("FAA") provides that "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The FAA further provides that the court may vacate or modify the arbitration award only if: (1) the award was procured by corruption, fraud or undue means; (2) there was partiality or corruption on the part of the arbitrator; (3) the arbitrator was guilty of misconduct; (4) the arbitrator exceeded her powers; (5) there were evident material miscalculations or mistakes made in the calculation of the award; (6) the arbitrator issued an award on a matter that was not submitted to her; or (7) the award was imperfect as a matter of form. *See* 9 U.S.C. §§ l0(a)(1)-(4); 11(a)-(c).

Because I find that none of the above listed factors are present here, I conclude that the arbitration award should be confirmed. *See Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp*., 196 F.3d 117, 124 (2d Cir. 1999) ("Generally speaking, unless the [arbitration] award is procured through fraud or dishonesty, the decision should not be disturbed."); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund v. Windham Constr. Corp*., 17-cv-4630 (VSB) (SDA), 2017 WL 9472944 at *2 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018) ("Even if a court were to disagree with the arbitrator's findings of fact, or had a difference of opinion about the correct interpretation of the contract, an arbitration award would still be subject to confirmation."); *Local 338 United Serv. Workers Union v. Advanced Ready Mix Corp*., 2013 WL

685447 at *3 (noting that a court must confirm the arbitration award where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law"). Arbitrator La Manna issued a detailed, well-reasoned, ten-page decision. It is evident that Arbitrator La Manna had a thorough understanding of the subject matter and issues in dispute, (*see* Braverman Aff. Ex. A, at 8–10), and there is no evidence before me that suggests the Award was procured through fraud or dishonesty. Thus, I find that the arbitration decision must be confirmed. *See D.H. Blair*, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained" and "[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." (internal quotation marks omitted)).

## III. Conclusion

Accordingly, the June 21, 2018 Arbitration Award of Arbitrator La Manna dismissing the arbitration proceedings is confirmed, and Plaintiffs' motion to confirm the Award, (Doc. 17), is GRANTED. Furthermore, in light of the foregoing, Plaintiffs' request that I lift the stay in this matter is GRANTED and this action is restored to my active docket. Within twenty-one days of the date of this Order, the parties shall jointly submit to the Court a revised proposed case management plan and scheduling order. A template for the order is available at http://nysd.uscourts.gov/judge/Broderick.

SO ORDERED.

Dated: April 12, 2019
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

5